1840.

West
v.
West.

---

## West vs. West and others.

Under the naturalization act of congress, of 1802, the infant children of aliens, though born out of the United States, if dwelling within the United States at the time of the naturalization of their parents, become citizens by such naturalization. And the provision of that act on this subject is prospective ; so as to embrace the children of aliens naturalized after the passage of the act as well as the children of those who were naturalized before.

The bill in this case was filed by one of the children of Thomas West deceased, against his five brothers and sisters, and the husband and two children of a deceased sister, and against C. Brakefield and J. Millham, for an account of the rents of the decedent's real estate, and of the surplus monies arising from a sale of such real estate under a statute foreclosure of a mortgage thereon ; and for a distribution of such rents and surplus monies among the heirs at law of the decedent, according to their respective rights therein.

Thomas West, the decedent, was born in England, and married a native of that country, by whom he had three children, all born in England. He then married a second wife, who was also an Englishwoman, and had by her four children, two of whom were also born in England and the other two were born here after his emigration to this country in 1823. He was duly naturalized here, in 1830, at which time all his children were under twenty-one and were residing with him in this state. He died in 1838,

July 21.

intestate, seized in fee of the farm which was afterwards sold under a mortgage previously given ; leaving at his death his seven children surviving him.   One of the children afterwards died, leaving a husband and two infant children surviving her.   The two children of Thomas West who were born in this country, and who were infants, appeared by their guardian ad litem and claimed the whole fund, on the ground that their brothers and sisters who were born in England were aliens, and could not inherit from their father.   The cause was heard upon pleadings and proofs, and upon a case stating the facts,

*A. Van Ingen,* for the complainant,

*S. A. Daggett,* for the adult defendants, and for Phebe West, E. J. Bohannan and W. H. Bohannan, infants,

*S. W. Jones,* for E. West and S. West, infants ; the children of the decedent who were born in the United States,

THE CHANCELLOR.   The sole question for the consideration of the court in this case appears to be whether the minor children of Thomas West who were born in England, and who were living with him here at the time of his naturalization, were naturalized with him ; or whether they were still aliens at the time of his death, so as to be incapable of inheriting from him.   The provision in the naturalization law of the United States, under which the complainant, and the other children of the decedent who were born aliens, claim to have become citizens, is contained in the 4th section of the act of 1802. (6 *Laws U. S.* 79.)   That section declares that " the children of persons duly naturalized under any of the laws of the United States, or who, previous to the passing of any law on that subject by the government of the United States, may have become citizens of any one of the said states under the laws thereof, being under the age of twenty-one years at the time of their parents' being so

naturalized, or admitted to the rights of citizenship, shall, if dwelling in the United States, be considered as citizens of the United States." It is contended, however, by the counsel of the two children who were born here, that this provision was not prospective in its operation, so as to embrace children whose parents should thereafter be naturalized; but that it was only intended to apply to the children of those who had already been naturalized at the time of the passing of the act. Such a construction might probably have been given to an isolated provision of this kind in an ordinary statute. But in giving a construction to this provision it is proper to take into consideration the fact that it is contained in a general statute which was intended to establish an uniform rule of naturalization; and that no good reason could exist for applying such a rule to the children of those who had been already naturalized, which would not operate with equal force in favor of the children of those who should thereafter be naturalized, in conformity with the general provisions of that act.

Again; the act of 1802 was a revision of the former acts on the subject of naturalization. It is proper, therefore, to refer to them for the purpose of giving a construction to the provision under consideration. In the act of 1790, which was the first act of Congress on the subject of naturalization, the mode of naturalizing persons in general is first prescribed, and then the provision in favor of minor children is added as follows: " And the children of such persons, *so naturalized,* dwelling within the United States, being under the age of twenty-one years at the time of such naturalization, shall be considered as citizens of the United States." The provision, as contained in that act, was clearly intended to be prospective only; as it could not apply to any others than the children of those who should be thereafter naturalized. But in the act of 1795, which repealed the act of 1790, it became necessary to vary the language of this clause relative to minor children; so as to include the children of parents who had been naturalized under the former act, as well as those who might be natural-

ized under the new statute prescribing a uniform rule. The language of the 3d section of the act of 1795 therefore, was "that the children of persons duly naturalized, dwelling within the United States and being under the age of twenty-one years at the time of such naturalization, and the children of citizens of the United States born out of the limits and jurisdiction of the United States, shall be considered as citizens," &c. Here the language clearly applies to the children of all persons duly naturalized. And I think there can be no doubt of the intention of congress to embrace future as well as prior naturalizations; so as to make the rule uniform on the subject. Then came the act of 1798, imposing many restrictions upon the naturalization of foreigners, but containing no alteration in the previous law upon the point now under consideration. And in the new and more liberal act of 1802, which repealed all the previous acts, the language of this provision, as to the naturalization of children by the naturalization of the parent, was again altered so as to embrace children of those who were citizens of any of the states before the passing of any law on the subject by congress, as well as the children of parents duly naturalized under any of the United States laws. I have no doubt, therefore, that this provision, in the act of 1802, was intended to embrace the children of those who should thereafter be, as well as those who had already been, duly naturalized under any of the laws of the United States. All the children of Thomas West then were citizens of the United States at the time of his death; and his real estate descended to them in equal proportions, as tenants in common.

A decree must therefore be entered declaring their rights accordingly, and directing the surplus monies arising upon the mortgage sale, and the rents and profits of the farm, from the death of their father up to the time of such sale, to be paid over to them in proportion to their several rights, after paying the taxable costs of all parties out of the fund. The shares of the infant children of the decedent must be in-

vested for their use, in the name of the register, by their
guardians ad litem, upon bond and mortgage, or by de-
positing the same in the Trust Company to accumulate.